(1 App. Div. 243.)

### DRAKE et al. v. VILLAGE OF PORT RICHMOND.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

APPEAL—PRESUMPTION IN FAVOR OF JUDGMENT.

    On an appeal from a judgment declaring an assessment void, and canceling it, as a cloud on plaintiffs' title, it appeared that defendant admitted that the assessment was void, and alleged that plaintiffs were not, therefore, entitled to a judgment of cancellation; that the trial court found that the contract for which the tax was levied had been, by the general term of the supreme court, adjudged illegal and void. The evidence was not brought up, and the appeal book did not disclose that such decision appeared of record anywhere in connection with the assessment roll. *Held* that, the finding being capable of two constructions, the one sustaining the judgment would be adopted.

Appeal from special term.

Action by J. Sterling Drake and Edmund M. Post against the village of Port Richmond, to set aside an assessment, as a cloud on plaintiffs' title. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

William Allaire Shortt, for appellant.
Benjamin Estes, for respondents.

BARTLETT, J.    The plaintiffs are owners of certain lots in the village of Port Richmond.    These lots were assessed for constructing an outlet to a village sewer.    The plaintiffs, claiming that the assessment was illegal and void, brought this action to have it canceled and annulled, and the apparent cloud upon their title thus removed.    The alleged illegality consisted in including in the assessment a sum for the expense of work done on the sewer outlet under a former proceeding, which former proceeding had been adjudged void by the general term of the supreme court.    The defendant does not dispute the invalidity of the assessment which is attacked in this suit, but asks us to reverse the judgment on the ground that the assessment was void on the face of the record, and therefore did not constitute an apparent lien or cloud on the plaintiffs' title, so as to justify the granting of equitable relief.    The appeal papers do not contain the evidence in the case.    There is nothing before us but the summons and pleadings, the findings and decision of the trial judge, the exceptions, and the notice of appeal.    In order, therefore, to sustain its position, the defendant must be able to point out something in the record which shows that the invalidity of the assessment proceedings is apparent upon the face thereof; that is to say, can be ascertained from an examination of the assessment roll itself, so that any person, in examining it, would be told that the assessment was void at the same time that he ascertained that there was any assessment at all.    I am unable to discover anything in the appeal book which makes it clear that the assessment is thus shown to be void upon its face.    Indeed, there is a distinct admission in the pleadings that the assessment is a lien.    In paragraph 18 of the complaint it is alleged that "said assessment is an apparent lien and cloud upon the title of the property of these plaintiffs aforesaid, greatly to their damage and injury"; and in paragraph 10 of the answer the defendant admits "that the assessment mentioned in paragraph 18 of the complaint is a lien upon the title of the property of the plaintiffs, but denies, on information and belief, that the same is greatly to the damage and injury of said plaintiffs, or either of them."    The learned counsel for the appellant argues that the trial court, in the findings of fact numbered 7, 8, 9, and 10, explicitly and affirmatively found that the item for previous construction, and the unauthorized action of the board, appear on the minutes in the contract, and on the face of the assessment roll.    We do not so understand those findings.    They do show the fact that the expense of work done on the sewer outlet under a former proceeding was included in the contract, but they do not show that the facts rendering the insertion of this item illegal appear on the minutes of the board of sewer commissioners, or on any record of the assessment.    Thus, in the finding numbered 7 it is declared that the former proceeding had been, by the general term of the supreme court, adjudged illegal, null, and void.    As we interpret this, it means simply that such a decision had been made, not that the fact that such decision had been made ap-

peared of record on the minutes of the sewer commissioners, or anywhere in connection with the assessment roll. If the findings of the trial court are capable of two interpretations on an appeal which does not bring up the evidence, the appellate court is bound to adopt that construction which will sustain the judgment. Even if we entertained more doubt than we do as to the proper interpretation of the findings in the present case, the application of this rule would require an affirmance of the judgment. Judgment affirmed, with costs. All concur.